IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:19-cr-00052

JOHN SWAIN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion for Judgement of Acquittal of Defendant John Swain* (Document 51) and the *Response to Motion for Judgment of Acquittal* (Document 52). For the reasons stated herein, the Court finds that the motion should be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 12, 2019, the Defendant was indicted for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At the time of possession, the Defendant was a prohibited person based on a prior conviction of Possession of a Firearm by a Prohibited Person, occurring on April 7, 2008. A one-day jury trial was held on April 29, 2019.

Prior to the trial, the Defendant and the Government stipulated that the Defendant was a "prohibited person" and that the item of evidence claimed to be a firearm traveled in interstate commerce. The trial proceeded with two issues in dispute. First, the Defendant did not stipulate that the item in evidence was a "firearm" as defined by 18 U.S.C. § 921(a). Second, the Defendant did not stipulate to possessing the item of evidence claimed to be a firearm.

At trial, the Government called two witnesses from the Beckley Police Department: Officer Capehart and Officer Reynolds. Officer Reynolds is also affiliated with ATF, a federal agency that focuses on firearm and gun crimes. At the close of the United States' case, the Defendant moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29, arguing that the United States failed to proffer any evidence that the firearm possessed by the Defendant was not an "antique firearm."

The Court denied the Defendant's motion for judgment of acquittal at that time. The Court also denied the Defendant's request to modify the definition of firearm in the jury instructions based on the Defendant's argument that no evidence had been presented to prove that the weapon was not an "antique firearm." The jury found the Defendant guilty of the single count of the indictment. He remains incarcerated awaiting sentencing. The Defendant now moves for judgment of acquittal claiming sufficient evidence was presented, at trial, to shift the burden to the United States, requiring it to prove that the weapon at issue was not an "antique firearm."

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29(a) ("Rule 29") states, in relevant part, that "[a]fter the government closes its evidence …, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. In its review, the court must " '[v]iew[ ] the evidence in the light most favorable to the Government,'" *United States v. Hickman,* 626 F.3d 756, 762-63 (4th Cir. 2010) (quoting *United States v. Bynum,* 604 F.3d 161, 166 (4th Cir. 2010)). The Court must assume that the Government's evidence is credible and draw all favorable inferences in the Government's favor.

*United States v. Gadsden*, 616 Fed.Appx. 539, 541 (4th Cir. 2015); *see also United States v. Boddy*, No. 2:14-00038, 2014 WL 6961695, at *3 (S.D. W. Va. Dec. 8, 2014). However, "leaps of logic" are not permitted. *Evans-Smith v. Taylor*, 19 F.3d 899, 908 n.22 (4th Cir. 1994). More precisely, "[a] judgment of acquittal based on the insufficiency of the evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalis v. Pennsylvania*, 476 U.S. 140, 144 (1986)). The test for deciding a motion under Rule 29(a) is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. McCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). If a "rational trier of fact" can find that the essential elements of a charged offense are supported by the evidence, the motion must be denied. *United States v. Singh*, 518 F.3d 236, 246 (4th Cir. 2008).

## DISCUSSION

The Defendant argues that the United States failed to establish sufficient evidence that the "firearm was, in fact, a firearm as that term is defined under the law." (Def.'s Mot. at 3.) Specifically, "antique firearms," or those manufactured prior to 1898, are not "firearms" for purposes of the offense. 18 U.S.C. §§ 921(a)(3), 921(a)(16). At trial, defense counsel asked Officer Reynolds when the firearm in evidence was manufactured, to which "Officer Reynolds testified that he did not know when the item of evidence claimed to be a firearm was manufactured . . ." (Def.'s Mot. at 4.) The Defendant argues that raising the question was sufficient to establish the "antique firearm" affirmative defense. As such, the Defendant argues that the burden shifted

3

to the Government to demonstrate beyond a reasonable doubt that the firearm at issue was not an antique firearm. Because the Government failed to prove beyond a reasonable doubt that such exception did not apply to this case, the Defendant argues that he is entitled to a judgment of acquittal.

The United States takes the position that it was not required to prove that the firearm possessed by the Defendant was not an antique firearm. (Pl.'s Resp. in Opp'n at 1.) Specifically, the United States notes that "the antique firearms exception is an affirmative defense that must be raised by the defendant and supported by evidence before the Government must disprove its application." *Id.* at 2. The United States argues that the Defendant "failed to provide any evidence of the 'antique firearm' application. As such, the Government was not required to demonstrate that the firearm was not an antique firearm." *Id.* at 2.

"It is well established that the antique firearm exception is an affirmative defense to a firearm charge under § 922(g)." *U.S. v. Royal*, 731 F.3d 333, 338 (4th Cir. 2013). The government does not have to prove that the weapon at issue was not an antique. *United States v. McMillan*, 346 Fed.Appx. 945, 947 (4th Cir. 2009). Instead, the burden of raising the antique firearm exception is on the defendant. *Id.*; *United States v. Mayo*, 705 F.2d 62, 75 (2d Cir. 1983). To establish the affirmative defense, the defendant must raise sufficient evidence to justify shifting the burden of proof. *Royal*, 731 F.3d at 338 (quoting *United States v. Lawrence*, 349 F.3d 109, 122 (3d Cir. 2003)). If the defendant produces "more than a scintilla of evidence" that the firearm was an antique, then the burden shifts to the government. *United States v. Sligh*, 142 F.3d 761, 762 (4th Cir. 1998). Additionally, the "affirmative defense may be raised by the testimony of the government's own witnesses." *Sherman v. United States*, 356 U.S. 369, 373 (1958).

4

The Defendant moves for judgment of acquittal, arguing that raising the question of the firearm's date of manufacture with Officer Reynolds at trial was sufficient to establish the affirmative defense and shift the burden to the government. However, testimony from law enforcement officers in which they state that they do not know the date that the object was manufactured fails "to sufficiently raise the defense." *United States v. Royal*, 731 F.3d 333, 339 (4th Cir. 2013); *see also United States v. Lawrence*, 349 F.3d 109, 111, 121 (3d Cir. 2003) (raising the possibility that the firearm is an antique manufactured prior to 1898 is insufficient to shift the burden to the government). As such, the Defendant failed to establish the affirmative defense. The Defendant's motion for judgment of acquittal must be denied because he merely questioned the age of the firearm, without proffering any evidence that the firearm was an antique.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion for Judgement of Acquittal of Defendant John Swain* (Document 51) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 10, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA